UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BYRON M. EDWARDS,           )
                            )
        *Petitioner*,       )
v.                          )        3:05-cv-286
                            )        *Phillips*
                            )
                            )
HOWARD CARLTON, Warden,     )
                            )
        *Respondent*.       )

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Byron M. Edwards ("Edwards"). The respondent has filed his answer to the petition and Edwards has filed his reply to the answer. For the following reasons, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

I.  Standard of Review

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Edwards is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

The respondent has provided the court with copies of the relevant documents as to Edwards' direct appeal and his state post-conviction and habeas corpus proceedings. [Court File No. 10, Notice of Filing Documents, Addenda 1-22]. Edwards was convicted by a jury, in the Circuit Court of Blount County, Tennessee, of aggravated robbery, and sentenced to 30 years as a career offender. *State v. Edwards*, No. 03C01-9812-CC-00436, 2000 WL 122233 (Tenn. Crim. App. Feb. 2., 2000) [Addendum 7], *perm. app. denied, id.* (Tenn. Oct. 9, 2000) [Addendum 9]. On direct appeal, Edwards raised five grounds for relief:

2

I. The trial court erred by denying the appellant's Motion for a Continuance;

II. The evidence was insufficient to support a conviction of aggravated robbery;

III. The trial court erred by failing to contemporaneously instruct the jury that a prior out of court statement was not substantive evidence and could only be considered for impeachment purposes;

IV. The trial court should have granted a new trial on the basis of newly discovered evidence;

V. The trial court erred by sentencing the appellant to a thirty year sentence as a career offender.

*State v. Edwards*, 2000 WL 122233 at *1.

The Tennessee Court of Criminal Appeals rejected Edwards' claims and affirmed his conviction and sentence. In doing so, the appellate court summarized the evidence against Edwards as follows:

> At approximately 6:00 pm on the evening of May 21, 1996, Wade Nichols met his friends, Willie Lundy and Victor Hodge, at the Howe Street Park in Alcoa. While the three men were talking, two vehicles drove up to the men and stopped. One vehicle was driven by the appellant. The appellant was accompanied by Arthur "A.C." Copeland, the co-defendant. The appellant and "A.C." exited their vehicle. Willie Lundy approached the two men, the three men exchanged words, and then Lundy quickly rejoined Wade Nichols and Victor Hodge. The appellant walked toward the three men and ordered them to "lay it down." The appellant, thinking that Nichols had made a comment about him, questioned Nichols as to what he said. Nichols responded "I didn't say anything to you, I don't want any problems with you." Nichols then turned his back and reinitiated his conversation with Lundy. At this point, the appellant handed "A.C." his wallet and announced that "he was going to fade this nigger." The appellant then "struck [Nichols] from behind on the right side of [his] face." Nichols' glasses fell to the ground and [Nichols] turned to face him and that's when Arthur Copeland ..." "tackled [him]." "'A.C.' was punching [Nichols] on [one] side of [his] face and [the appellant] was kicking [him] on [the other side] of [his] face." When the beating subsided, "A.C." asked

3

Nichols "where the money was and where the dope was." The appellant then "walked away," "picked up a dirt clod ... and hit [Nichols] in the back of the head with it." After the victim was incapacitated, "A.C." then began rummaging through Nichols' clothes. "A.C." took from Nichols' person a pager, a pocketknife, and two hundred dollars. "A.C." opened the knife and "threatened to stick [Nichols] in [the] throat with it." The appellant did not remove any of the items from Nichols' possession nor did the appellant threaten the appellant with a weapon or verbally. While Nichols remained face down on the ground, the appellant and "A.C." fled the scene. As a result of this incident, Wade Nichols underwent three reconstructive surgeries on his cheek and eye socket.

Meanwhile, frightened that "[Wade Nichols] was going to get killed," Willie Lundy and Lamont Martin, another bystander, went to the police department to obtain assistance. Officer Robert Simerly, with the Alcoa Police Department, was informed by Willie Lundy that, "Big B and another guy were down in the park beating up Wade and robbing him." Officer Simerly, accompanied by Officer Buddy Cooper, got in his patrol car and drove toward the park. As they approached the park, the officers observed the appellant driving his vehicle in the opposite direction. Officer Simerly activated his patrol car's emergency equipment and initiated pursuit of the appellant's vehicle. The appellant failed to stop his vehicle. Rather, the appellant "[w]ent down East Howe, disregarded the stop sign ... turned left ... [d]isregarded [another] stop sign." The pursuit reached over 65 mph. The appellant continued through intersections without stopping. Cars were skidding to avoid collisions. "[The appellant] actually hit the intersection so hard there were sparks coming out from under his car." People scattered to avoid being hit. He disregarded additional stop signs. The passenger in the appellant's vehicle, later identified as "A.C.", jumped out of the vehicle at the first opportunity and began to run. Officer Cooper pursued "A.C." on foot. Another patrol car joined the pursuit. Eventually, the officers were able to stop the appellant's vehicle.

Upon apprehending the appellant, Officer Simerly observed that the appellant "was real glassy-eyed, his eyes were bloodshot, and just rambling on about himself, talking continuously." Simerly could also "smell beer on [the appellant's] breath ..." and believed the appellant to be intoxicated. Upon searching the appellant's vehicle, Officer Simerly discovered a knife with a pearl handle under the passenger side seat and, in the glove box, a pager. Both items were later identified as those taken from the person of Wade Nichols. The appellant was "handcuffed ... placed in [the] patrol unit ... and read ... his Miranda rights." When questioned about the incident at Howe Street Park, the

4

appellant responded, "Damn right, I robbed them, I'm going to rob all those bitches, including Stacy." Later, at the Blount County Jail, while booking both the appellant and "A.C." Copeland into the jail, deputies discovered "eighteen dollars in currency" on the person of "A.C." Copeland. The deputies recovered "eight hundred and seventy dollars in currency" from the person of the appellant.

Based on this evidence, the jury found the appellant guilty of aggravated robbery.

*Id.* at **1-2 (footnotes omitted).

Edwards then filed a petition for post-conviction relief, in which he alleged several instances of ineffective assistance of counsel. The post-conviction petition was denied after an evidentiary hearing. On appeal from the denial of post-conviction relief, Edwards presented only one claim of ineffective assistance: that counsel failed to properly advise Edwards as to the benefits of the plea agreement offered by the State. The Tennessee Court of Criminal Appeals found that Edwards had not proven ineffective assistance of counsel and affirmed the denial of post-conviction relief. *Edwards v. State*, No. E2002-00343-CCA-R3-PC, 2003 WL 21004761 (Tenn. Crim. App. May 5, 2003) [Addendum 14], *perm. app. denied, id.* (Tenn. Oct. 2, 2003) [Addendum 16].

Edwards next filed a state petition for the writ of habeas corpus, in which he alleged a variance between the indictment and the proof at trial. The trial court dismissed the habeas corpus petition without a hearing and the Tennessee Court of Criminal Appeals affirmed. *Edwards v. State*, E2004-00918-CCA-R3-HC, 2004 WL 2951975 (Tenn. Crim. App. Dec. 20, 2004) [Addendum 20], *perm. app. denied, id.* (Tenn. March 21, 2006) [Addendum 22].

In support of his petition for the writ of habeas corpus, Edwards alleges the following general denial of his constitutional rights:

> The petitioner was denied his guaranteed rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments of the Unites States Constitution when he was denied due process and equal protection of the law, denied compulsory process, suffered from prosecutorial misconduct and overreaching, suffered from the knowing use of perjured testimony, suffered from ineffective assistance of counsel, suffered from a judicial abuse of discretion and has suffered from the imposition of a cruel and unusual punishment. The actions of the trial court as well as the opinions of the appellate courts of Tennessee are contrary to and are in direct conflict with precedents of the United States Supreme Court. In the interest of justice and to forestall a miscarriage of justice, the trial, convictions and sentences of the petitioner should be closely scrutinized by the federal courts.

[Court File No. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, p. 7(a)]. Edwards also contends that (1) there was no testimony that he took anything from the victim; (2) that the victim committed perjury when he claimed to have been robbed of $200.00; (3) that Edwards was denied the testimony of his co-defendant, who refused to testify; (4) that the indictment failed to put him on notice of the charges against him; and (5) that he received an illegal sentence enhancement. [*Id*. at 7(b)-7(c)].

The respondent contends Edwards is not entitled to habeas corpus relief on the basis of failure to state a cognizable basis for habeas relief, procedural default, or the state court findings.

III. Procedural Default

The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review."). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Edwards cannot file another state petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his conviction and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim

7

to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

The respondent contends that the majority of Edwards' claims fail to state a cognizable claim for habeas corpus relief or are procedurally defaulted. As to those claims not procedurally defaulted, the respondent contends he is entitled to judgment as a matter of law based on the findings of the Tennessee state courts.

IV.     State Court Findings

Pursuant to 28 U.S.C. § 2254(d), Edwards may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court. In addition, findings of fact by a state court are presumed correct and

8

Edwards must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). Edwards has failed to rebut, by clear and convincing evidence, the findings of the state courts and they will be presumed correct by this court.

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), clarified the distinction between a decision "contrary to," and an "unreasonable application of," clearly established Supreme Court law under § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision "involves an unreasonable application of clearly established Federal law" only where "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. In light of the foregoing standards for review, the court will consider Edwards' grounds for the writ of habeas corpus.

V. Discussion of Claims

*A. General Denial of Constitutional Rights.*

Other than the claims Edwards raised on direct appeal and in his state court post-conviction and habeas corpus proceedings, Edwards' general claims that his constitutional rights were violated have been procedurally defaulted based upon his failure to raise them in the state courts. Although Edwards raised the issue of ineffective assistance of counsel in post-conviction proceedings, he has not stated any facts to support such a claim in his habeas corpus petition, other than his conclusory statement that his rights have been violated. Accordingly, that claim is not properly before this court. Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts.

*B. Lack of testimony that Edwards robbed the victim.*

To the extent Edwards is challenging the sufficiency of the evidence, that claim was raised on direct appeal. In a federal habeas corpus proceeding in which a state prisoner challenges the sufficiency of the evidence supporting his conviction, the petitioner "is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt." *Moore v. Duckworth*, 443 U.S. 713, 714 (1979). However, the petitioner is entitled to habeas relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable

10

doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). *See Brofford v. Marshall*, 751 F.2d 845, 856 (6th Cir. 1985).

When reviewing a jury's verdict under a sufficiency of the evidence standard, a court must consider all the evidence in a light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. at 319. Witness credibility is an issue to be left solely within the province of the jury, *Deel v. Jago*, 967 F.2d 1079, 1086 (6th Cir. 1992); *United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988), and substantial deference should be given to the trier of fact. *United States v. Ayotte*, 741 F.2d 865, 867 (6th Cir. 1984). "[T]he federal court sitting in habeas should not attempt to substitute its own opinion for that of the jury which convicted the petitioner." *York v. Tate*, 858 F.2d 322, 329 (6th Cir. 1988). A conviction should be affirmed if *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir. 1986), *aff'd*, 483 U.S. 171 (1987).

In considering Edwards' claim that the evidence was not sufficient to support the conviction, the Tennessee Court of Criminal Appeals noted the standard is that set forth in *Jackson v. Virginia*. *State v. Edwards*, 2000 WL 122233 at *3. The appellate court also noted that "the State relied upon the theory of criminal responsibility for the conduct of another in proving the appellant's guilty for the offense of aggravated robbery." *Id*. The court then found that the evidence was sufficient under the *Jackson* standard:

> The undisputed testimony at trial established that the appellant physically assaulted the victim, during which time, the co-defendant joined in the assault, rummaged through the victim's clothing, and removed property belonging to

> the victim. The appellant and his co-defendant fled the scene in the appellant's vehicle. Upon apprehension by law enforcement, the appellant was in both constructive and actual possession of the property taken from the person of the victim. In response to interrogation by law enforcement, the appellant stated "Damn right, I robbed them, I'm going to rob all those bitches, including Stacy." There is no dispute that the victim sustained "serious bodily injury" as a result of the incident. Accordingly, viewed in the light most favorable to the State, we conclude that the evidence is sufficient to support the conclusion that the appellant acted with the intent to promote or assist the commission of the robbery or to benefit in the proceeds or results of the robbery.

*Id*. at *4 (citation omitted).

As noted earlier by this court, Edwards has failed to rebut, by clear and convincing evidence, the factual findings of the Tennessee Court of Criminal Appeals and they are presumed correct by this court. This court has reviewed the transcript of Edward's trial [Addendum 2, Transcript of the Evidence, vol. 1-3] and finds the decision by the Tennessee Court of Criminal Appeals is supported in the record. This court thus concludes that the appellate court's determination that the evidence was sufficient to support the conviction for aggravated robbery was neither contrary to, nor did it involve an unreasonable application of, federal law as established by the U.S. Supreme Court in *Jackson v. Virginia*. Accordingly, Edwards is not entitled to habeas relief on this issue.

*C. Perjury by the victim.*

This claim was raised by Edwards in his motion for new trial. The issue was summarized by the Tennessee Court of Criminal Appeals as follows:

> In his motion for new trial, the appellant argued that he should be granted a new trial based upon newly discovered evidence. The "newly discovered evidence" consists of the testimony of witnesses who dispute or have contradictory testimony to Wade Nichols' claim that he was "robbed" of two hundred dollars. During the appellant's trial, the victim, Wade Nichols, testified that he was robbed of two hundred dollars. He explained that he was certain of the amount because he had "recently got paid" and he "was on [his] way to pay [his] utility bill and [his] gas bill."
>
> In support of his claim of newly discovered evidence, the appellant presented the testimony of Royce Jackson, the custodian of payroll records of Mr. Nichols' employer. She testified that Wade Nichols was paid $181.97 by a check dated May 21, 1996, and "probably" would have received the check on May 22, 1996. Ms. Jackson admitted that she did not have any personal knowledge of when Mr. Nichols actually received the check. Additionally, Barbara Jenkins, an employee of the City of Alcoa Utility Division, was called to testify that Wade Nichols paid his eighty dollar electric bill on May 22, the day after the incident at Howe Street Park. Karen Wilson, an ex-girlfriend of Wade Nichols, recalled that she lived with Wade Nichols in May 1996. She testified that shortly after the incident, Nichols admitted to her that only eighteen dollars was taken from his person. She explained that she came forth with this information after she read about the appellant's conviction in the newspaper and the alleged amount of two hundred dollars. She admitted being a close friend of the appellant's wife. Tiffany Rainer, a cousin of the victim, testified that she visited Nichols on the day following the incident. On this occasion, Rainer stated that Nichols told her that eighteen dollars was taken from his person. Rainer admitted that she was a cousin of the appellant's wife.

*State v. Edwards*, 2000 WL 122233 at *7.

This claim was raised in the state courts solely as an alleged violation of state law. [Addendum 1, Technical Record on Direct Appeal, pp. 92-93, Amended Motion for New

13

Trial; Addendum 5, Petitioner's Brief on Direct Appeal, pp. 25-26]. A federal habeas petitioner may obtain relief if he is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Edwards' allegation of perjured testimony was raised only as a matter of state law, "it is not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus.").

In addition, by raising the issue in the state courts only as a matter of state law, Edwards has procedurally defaulted any claim he might have that the alleged perjury violated his rights under the U.S. Constitution.

> A federal court will not address a habeas petitioner's federal constitutional claim unless the petitioner has first fairly presented the claim to the state courts. Fair presentation of a federal constitutional issue to a state court requires that the issue be raised by direct citation to federal cases employing constitutional analysis or to state cases relying on constitutional analysis in cases with similar fact patterns.

*Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (citations omitted). Accordingly, Edwards is not entitled to habeas corpus relief on this claim.

14

### D. *Denial of testimony of co-defendant.*

Edwards claims he was denied the testimony of his co-defendant, A.C. Copeland, because Copeland invoked his Fifth Amendment right to refuse to testify. On direct appeal, Edwards raised the issue as an alleged error on the part of the trial court in denying his motion for a continuance until after Copeland's case was resolved. [Addendum 5, Petitioner's Brief on Direct Appeal, p. 17]. The Tennessee Court of Criminal Appeals found the issue waived because Edwards "failed to cite to any legal authority, make any legal argument, or make appropriate citations to the record in his brief." *State v. Edwards*, 2000 WL 122233 at *3. To the extent Edwards now claims he was denied his right to compulsory process, he has procedurally defaulted that claim. Edwards is not entitled to habeas corpus relief on this claim.

### E. *Variance between indictment and evidence.*

Edwards first raised this issue in his state habeas corpus petition. [Addendum 17, Technical Record on Appeal from Dismissal of Habeas Corpus Petition, Petition for a Writ of Habeas Corpus, p. 2]. On appeal, Edwards argued that the indictment was defective because it failed to put him on notice that he might be held liable under the "theory of criminal responsibility for the conduct of another." [Addendum 18, Petitioner's Brief on Appeal from Denial of Habeas Corpus Relief, p. 7]. Again, Edwards raised the issue only as a matter of state law. Thus, he has not stated a cognizable claim for federal habeas corpus

15

relief and has procedurally defaulted any constitutional claim he might have in this regard. Edwards is not entitled to habeas corpus relief on this claim.

*F. Illegal sentence enhancement.*

Edwards alleges that the trial court illegally enhanced his sentence using factors other than prior convictions. Edwards was sentenced pursuant to the guidelines set forth in the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. §§ 40-35-101 *et seq*. His claim regarding his sentence is based upon Tennessee state law principles and thus is not cognizable in federal habeas proceedings.

Edwards' challenge to his sentence on direct appeal was based upon state law only. [Addendum 5, Petitioner's Brief on Direct Appeal, pp. 27-28]. Thus, to the extent Edwards is now claiming his sentence constitutes cruel and unusual punishment in violation of the U.S. Constitution, he has procedurally defaulted that claim. Edwards is not entitled to habeas corpus relief on this claim.

VI. Conclusion

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. All other pending motions will be **DENIED** as **MOOT**. Edwards having failed to make a

16

substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** Edwards leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge